UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID B. ERCOLANI,

                              Plaintiff,           DECISION and ORDER

-vs-

                                                   16-CV-6546 CJS

PAUL MOUSSO, Code Compliance Officer,
Town of Greece, CHERYL M. ROZZI, Town Clerk,
Town of Greece, BILL REILICH, Supervisor,
Town of Greece,

                              Defendants.
_____

INTRODUCTION

      David Ercolani ("Plaintiff") filed an Amended Complaint (Docket No. [#3]) pursuant to 42 U.S.C. § 1983, alleging a "class-of-one" equal protection claim under the Fourteenth Amendment to the United States Constitution.  In particular, Plaintiff, a resident of the Town of Greece, New York ("the Town"), maintains that the defendants, who are employed by the Town, improperly ignored his complaints that a neighbor's swimming pool was leaking, and causing water to flow into his basement.  Now before the Court are Defendants' motion [#6] to dismiss the Amended Complaint pursuant to Federal Rule of Procedure ("Fed. R. Civ. P.") 12 (b)(6), and Plaintiff's cross-motion [#9] to file a Second Amended complaint pursuant to Fed. R. Civ. P. 15.  For reasons detailed below, Plaintiffs' cross-motion to amend is denied, and Defendants' motion to dismiss is granted.

FACTUAL BACKGROUND

      Unless otherwise noted, the following facts are taken from the Amended Complaint and the proposed Second Amended Complaint, and are accepted as true for purposes of this Decision and Order.  Plaintiff resides in the Town of Greece, and his next-door

neighbor has an in-ground swimming pool.  In or about 2013, water began accumulating in Plaintiff's basement.  Plaintiff suspected that the water was emanating from the pool of the neighbor, who had previously mentioned that his pool was leaking.  After determining that the water was not coming from his own water service line, Plaintiff complained to officials at the Town that the water was leaking from the neighbor's pool.  In September 2013, Plaintiff wrote to the Town's code enforcement officer, defendant Paul Mousso ("Mousso"), and asked "that action be taken by the Town of Greece on his behalf," but Mousso allegedly "took no action."[1]  In June 2014, Plaintiff wrote to the Town Supervisor, defendant Bill Reilich ("Reilich"), asking that action be taken on his behalf, but Reilich allegedly took no action.[2]   That same month Plaintiff mentioned the problem again to Mousso, who allegedly indicated that he would take some action, but did not do so.  In September 2014, Plaintiff wrote to the Town Clerk, defendant Cheryl Rozzi ("Rozzi"), about various "concerns," including his belief that the neighbor's pool was leaking into his basement, after which Rozzi responded to Plaintiff's "other concerns," but took no action concerning the neighbor's pool.[3]  In November 2014, Plaintiff again wrote to Rozzi about the alleged leaking pool, but she took no action.  In June 2015, Plaintiff again wrote to Rozzi about the situation, and Rozzi responded that the matter had been referred to the Health Department.  Finally, in August 2015, Plaintiff again spoke with Mousso, who made an appointment to meet with Plaintiff about the matter, but failed to keep the appointment and then did not contact Plaintiff.

---

[1] Amended Complaint at ¶ ¶ 20-21.

[2] Amended Complaint at ¶ ¶ 24-25.

[3] Amended Complaint at ¶ ¶ 30-31.

On August 7, 2016, Plaintiff commenced this action against Mousso and Rozzi in their individual capacities, alleging a class-of-one equal protection violation. On August 16, 2016, Plaintiff filed an Amended Complaint [#3], adding Reilich as a defendant in his individual capacity.[4] In an effort to plead that Plaintiff had been treated differently than similarly-situated individuals, the Amended Complaint states, upon information and belief, four instances in which "the Town of Greece" "took action" against residents whose swimming pools were "leaking onto" neighbors' properties.[5] The Amended Complaint does not explain how these "leaking pool" problems were brought to the Town's attention, but assumes that complaints were made by neighbors whose property was affected by the leaking pool water, and who were therefore "similarly situated" to Plaintiff. In each of these four instances, the Amended Complaint alleges that the Town took some action against the offending landowners pursuant to Town Code §§ "184-7 and/or 184-10."[6] Further, the Amended Complaint alleges that "Defendants intentionally and purposefully treated Plaintiff disparately as a class-of-one in its application of Town of Greece codes, 184-7 and/or 184-10," inasmuch as it did not take similar action against Plaintiff's neighbor.[7]

On September 26, 2016, Defendants filed the subject motion to dismiss [#6], pursuant to Fed. R. Civ. P. 12(b)(6), in lieu of filing an answer to the Amended Complaint. Defendants' motion indicates that Greece Town Code §§ 184-7 and 184-10 were repealed in 2010, and therefore were not in effect when Plaintiff allegedly complained to the

---

[4] Although Defendants have not moved to dismiss on this basis, it seems quite unlikely that Plaintiff has plausibly alleged personal involvement by Reilich under Section 1983. Amended Complaint at ¶¶ 24-25.

[5] Amended Complaint at ¶ 41.

[6] Amended Complaint at ¶ 41.

[7] Amended Complaint at ¶ 46.

Defendants between 2013 and 2015.  Consequently, Defendants maintain, the Amended Complaint does not state a class-of-one equal protection claim, since Plaintiff is not similarly situated to the unidentified persons whose complaints, he assumes, led to the four instances alleged in the Amended Complaint, wherein the Town took action against landowners for draining their pools onto adjacent properties.[8]

In response to Defendants' motion, Plaintiff admits that the Amended Complaint is deficient, and contends that he was unaware that Code § § 184-7 and 184-10 had been repealed.  However, on November 1, 2016, Plaintiff filed the subject cross-motion [#9] for leave to file a Second Amended Complaint.  The proposed amended pleading omits references to Town Code § § 184-7 and 184-10, and instead refers to Town Code § 114-12.1(A) "Swimming Pools," which, Plaintiff maintains, replaced Code sections 184-7 and 184-10.  The proposed amended pleading also purports to lists four alternative instances in which the Town took action against landowners for draining their swimming pools onto adjacent properties, pursuant to Code § 114-12.1(A).  Specifically, the proposed pleading alleges, upon information and belief only, that unidentified "neighbors" complained about four properties – 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive – with swimming pools leaking onto their properties, and that the Town "took action" in response to the complaints.[9]

On November 17, 2016, Defendants filed their opposition [#11] to the cross-motion

---

[8] *See, Defs. Memo of Law* [#5-5] at p. 3 ("The comparators alleged in the Plaintiff's Amended Complaint in the instant case were not similarly situated as a matter of law with the Plaintiff because their complaints wereexamined in terms of a local law that had repealed approximately 3 years before the time of the Plaintiffs complaints.").

[9] Proposed Second Amended Complaint at ¶ 41.

to amend, contending that the proposed amendment would be futile since the proposed pleading still does not plausibly indicate that Plaintiff is similarly situated to the persons to whom he compares himself.[10] In support of this argument, Defendants have submitted an affidavit [#11-1] from Mousso, in which he indicates that the four instances described in the proposed Second Amended Complaint are not similar to the situation at Plaintiff's property. In that regard, Mousso indicates, first, that he is personally familiar with the incidents at 50 Castle Grove Drive and 114 Emberglow Lane, and neither involved water leaking from an in-ground pool into a neighbor's basement; instead, both incidents involved landowners "discharging water from off of the pool covers covering their pools onto adjacent properties," apparently over the surface of the ground.[11] Mousso issued citations to the offending landowners, but under Code § 157-5(a) ("Property Maintenance - Exterior Property Areas"), and not § 114-12.1(A), as Plaintiff supposes.[12] As for the incidents at 198 Luddington Lane and 16 Parham Drive, Mousso indicates that he made a diligent search of the Town's records, and can "find no record of any complaints made with respect to those [properties]."[13] Mousso also indicates that Plaintiff is incorrect in asserting that he was discriminated against; rather, Mousso states that he investigated Plaintiff's complaint and was unable to verify that the water in Plaintiff's basement was coming from the neighbor's pool, and therefore did not have an adequate basis to take action against the

---

[10] *See*, Rizzo Affirmation [#11] at ¶ 12 ("Plaintiff's equal protection claim . . . fails on its face to demonstrate how other similarly situated persons were treated differently by the Defendants.").

[11] Mousso Aff. [#11-1] at ¶ 5.

[12] Mousso Aff. [#11-1] at ¶ 5.

[13] Mousso Aff. [#11-1] at ¶ 4.

adjacent landowner under Town Code § 114-12.1(A) or any other provision of the Town Code.[14]

On November 22, 2016, Plaintiff made a letter request for permission to file a sur-reply. The Court granted the application. Additionally, because Defendants had submitted materials outside of the pleadings (*e.g.*, Mousso's affidavit), the Court specifically notified the parties that it might treat the pending applications as cross-motions for summary judgment. *See*, Letter Order [#12] ("The Parties are further advised that pursuant to Federal Rule of Civil Procedure 12(d), the Court may treat the pending applications as cross-motions for summary judgment.").

On December 13, 2016, Plaintiff filed a "reply/response" [#13], consisting of an affirmation from Plaintiff's counsel and an affidavit from Plaintiff [#13-1]. Plaintiff's affidavit apparently disputes Mousso's contention that he lacked a sufficient basis to issue a citation to Plaintiff's neighbor. In that regard, Plaintiff's affidavit essentially reiterates the allegations in the pleadings concerning his contacts with Mousso about the problem, amplified by assertions that he told Mousso the following: 1) testing by the Monroe County Health Department and Water Authority "indicat[ed] that the water accumulating on [his] property was likely a result of [the] neighbor's swimming pool leaking water";[15] 2) the neighbor admitted that his swimming pool was leaking water.[16] Plaintiff's counsel's

---

[14] Mousso Aff. [#11-1] at ¶ 2.

[15] In fact though, the email that Plaintiff supplied from the Monroe County Health Department indicated that testing was inconclusive as to the source of the water. Docket No. [#13-1] at p. 6. Indeed, the documentary evidence that Plaintiff has provided from these agencies does not indicate that it was "likely" that the water in his basement was from the neighbor's pool.

[16] Plaintiff also admittedly told Mousso, though, that the neighbor had recently replaced his pool liner, and had tested his water supply lines to the pool and had found no leak. Docket No. [#13-1] at p. 5.

affirmation, on the other hand, purports to explain how he identified the four incidents in the proposed Second Amended Complaint as being "similarly situated" to Plaintiff's situation. In particular, counsel made a freedom of information law ("FOIL") request to the Town for records pertaining to notices/citations that had been issued over the past twenty years relating to failures to properly maintain swimming pools. In response to that FOIL request, the Town sent counsel a 110-page spreadsheet document, listing 1,650 instances involving pools. Plaintiff's counsel reviewed the document and found four instances involving pool water draining onto an adjacent property (198 Luddington Lane - "Draining pool water to neighboring property"; 50 Castle Grove Drive - "Draining pool onto neighbor's property"; 114 Emberglow Lane - "Discharging water to neighboring property"; and 16 Parham Drive - "Pool drainage into neighboring property."), which he included in the proposed Second Amended Complaint. Plaintiff further indicated that if the Court were inclined to treat the motions as being for summary judgment, he would like an opportunity to conduct discovery.

On March 16, 2017, counsel for the parties appeared before the undersigned for oral argument. Having thoroughly considered the matter, the Court will not convert the matter to a summary judgment motion, and will restrict its consideration to the Amended Complaint and proposed Second Amended Complaint.

## STANDARDS OF LAW

<u>Motion to Dismiss</u>

Defendants have moved to dismiss the Amended Complaint for failure to state a claim, and the standard for such motions is well settled:

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

> statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[17] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the

---

[17] The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

### Cross-Motion to Amend

Federal Rule of Civil Procedure 15 provides, in relevant part that "a party may amend its pleading ... with ... the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed R. Civ. P. 15 (a)(2).  However, amendment may be denied where it would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("[W]here it appears that granting leave to amend is unlikely to be productive ... it is not an abuse of discretion to deny leave to amend."). A proposed amendment is futile if it "would be subject to 'immediate dismissal' for failure to state claim or on some other ground." *Singh v. N.Y.S. Dept. of Tax & Fin.*, 2011 WL 3273465, at *35 (W.D.N.Y. 2011) (*citing Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

### Section 1983

Section 1983 "is not itself a source of a substantive rights, but merely provides a method for vindication of federal rights elsewhere conferred." *Long v. Crowley*, No. 09–CV–00456A(F), 2012 WL 1202181 (W.D.N.Y. Mar. 22, 2012) (citations and internal quotation marks omitted). To establish individual liability under Section 1983, a plaintiff must show that the defendant acted under color of state law and caused the plaintiff to be deprived of a constitutional right. 42 U.S.C. § 1983.

### Fourteenth Amended Equal Protection "Class of One" Claim

Plaintiff asserts a "class-of-one" equal protection claim, and the standard for such

a claim is clear:

> [A] class-of-one claim exists where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Under this theory, the plaintiff bears the burden of showing: (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake. Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.

*Beard v. Town of Monroe*, 16-44-cv, 666 F. App'x 62, 65 (2d Cir. Dec. 9, 2016) (citations and internal quotation marks omitted); *see also, Renato Pistolesi, Alltow, Inc. v. Calabrese*, 15–2049–cv, 666 F. App'x 55, 58 n. 2 (2d Cir. Dec. 1, 2016) ("In class-of-one claims, a plaintiff is required to identify comparators that are 'prima facie identical' in order to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose is all but certain.") (citation and internal quotation marks omitted). In the context of a motion to dismiss a class-of-one claim under Rule 12(b)(6), dismissal is required where the pleading fails to identify a similarly-situated comparator. *See, Finn v. Anderson*, No. 13–4020, 592 F. App'x 16, 19–20 (2d Cir. Nov. 14, 2014) (Affirming dismissal of class-of-one claim, stating: "Because Finn fails so much as to identify any similarly situated individuals against whom Anderson's alleged interference in her matrimonial proceedings may be compared, she cannot state an equal protection claim sufficiently plausible to survive a 12(b)(6) motion.").

DISCUSSION

Plaintiff admits that the Amended Complaint is deficient, because it is based on statutes that were repealed in 2010, before his claim arose. Consequently, the issue is whether Plaintiff's request to file the proposed Second Amended Complaint would be futile, as Defendants maintain. The Court finds that the amendment would be futile, because the proposed pleading fails to plausibly allege that Plaintiff was treated differently than any similarly-situated comparator.

The essence of Plaintiff's proposed claim is that the Town took action against the property owners at 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive, but refused to take action against his neighbor, due to an intent to discriminate against him. Plaintiff does not dispute that in order to state a class-of-one equal protection claim, he must plausibly allege that he is similarly situated, to an extremely high degree, to the persons who complained to the Town about water coming onto their properties from 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive. However, Plaintiff has clearly failed to do so.

The proposed pleading provides absolutely no information about these comparators, *i.e.*, the persons who complained about water flowing onto their properties from 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive. Indeed, the proposed pleading does not attempt to identify such persons; rather, it merely assumes that the Town took action in regard to each of those properties based on the complaint of some adjacent landowner. While it may be a reasonable inference that the Town took action in response to the complaint of an affected neighbor in each of those cases, it would not be a reasonable inference that those affected neighbors were similarly

situated to Plaintiff.

In that regard, the mere fact that each of the landowners may have been affected by water emanating from a swimming pool does not make them similarly situated. Indeed, the face of the proposed pleading suggests that the circumstances between the events at Plaintiff's property and the other four properties are dissimilar. That is, the reasonable inference from the proposed pleading is that the incidents at 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive involved pool water that was flowing across the ground to an adjacent property's lawn. At least, there is no indication that those incidents involved water flowing underground into a basement. Presumably, then, in those situations one could visually determine the source of the water. Plaintiff's situation is much different, and more complex, since it would admittedly require scientific or other testing to confirm the source of the water in Plaintiff's basement. Such a distinction could easily explain why a municipal official might reasonably approach the situations differently, negating any inference of intentional discrimination. Nor has Plaintiff offered any reason why Defendants might single him out for intentional discrimination, other than the fact that he made several complaints about the neighbor's pool, which the Court does not find convincing. On the other hand, Plaintiff admits that Rozzi addressed other contemporaneous complaints that he made, which undercuts a suggestion of discriminatory animus.[18] For these reasons the proposed pleading fails to plausibly allege a class-of-one equal protection claim.

---

[18] *See*, proposed Second Amended Complaint at ¶ 31 (Stating that Rozzi responded to Plaintiff's "other concerns," but took no action concerning the neighbor's pool.).

CONCLUSION

Defendants' motion [#6] to dismiss is granted, and Plaintiff's cross-motion to amend [#9] is denied. Plaintiff has not specifically requested a further opportunity to amend. However, the Court does not believe that a further opportunity to amend is warranted. Plaintiff has already made three unsuccessful attempts to state a claim. Moreover, Plaintiff's submissions establish that he cannot presently make a plausible showing that he is similarly situated, let alone to an extremely high degree, to the persons (comparators) who may have complained to the Town about the conditions at 198 Luddington Lane, 50 Castle Grove Drive, 114 Emberglow Lane and 16 Parham Drive. Instead, his submissions show, at most, the mere possibility of such similarity, which he hopes to establish through discovery. However, "*Twombly* rejected th[at] approach." *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015) (citation omitted). Consequently, there is no reason to believe that further amendment would be productive, and the action is dismissed with prejudice. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:   Rochester, New York
         March 20, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge